ORIGINAL

(Rev. 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

(1) RAYMOND L. BRUTON,   SBI#069025
   (Name of Plaintiff)     (Inmate Number)

_____
   (Complete Address with zip code)

(2)_____
   (Name of Plaintiff)     (Inmate Number)

_____
   (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

           vs.

(1) SGT. DENNY _____

(2) LT. WILLIAMS _____

(3) LT. SABOTA _____
     (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:
:
:  **0 6 - 7 4 4**
:
:    (Case Number)
:  ( to be assigned by U.S. District Court)
:
:
:
:
:  **CIVIL COMPLAINT**
:
:
:
:
:    • •  Jury Trial Requested
:
:
:
:

## I.   PREVIOUS LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

Civ. No. 00ev-01032. JJF, 2000, December _____

_____

_____

_____

_____

_____

## Addictional Defendants

Lt. Daniels
H.R.Y.C.I., P.O. Box 9561
Wilmington, DE 19809

Sgt. Edwards
H.R.Y.C.I., P.O. Box 9561
Wilmington, DE 19809

C/O Sealy
H.R.Y.C.I., P.O. Box 9561
Wilmington, DE 19809

Warden Raphael Williams
H.R.Y.C.I., P.O.Box 9561
Wilmington, DE 19809

Mr. Stan Taylor
Commissioner of Prison
245 Mckee Road
Dover, DE 19904

Captain Bamford
H.R.Y.C.I., P.O. Box 9561
Wilmington, DE 19809

## STATEMENT OF FACTS

On July 8, 2006, approximately 6:15 PM Petitioner approached c/o Curtist Sealy whom was the c/o on duty in Dorm #2 that evening.

Petitioner asked c/o Sealy for a razor, along with resident Myles Hart, who also was a resident in the Key Program North. C/O Sealy was writing our bunk # and names down on the ledger sheet, when in the Pod walked Sgt. Denny & Lt. Williams. Sgt. Denny screamed at the top of his voice, saying, " get your foot off the top of this step, immediately Petitioner removed his foot and asked Sgt Denny, " why was he screaming and cursing at Petitioner? Sgt. Denny slammed the Pod's door shut in Petitioner's  face, without responding to Petitioners question.

Lt. Williams open the door and walked down the steps, straight toward Petitioner. He said" whenever we say anything to you, dón't asked any questions furthermore, get on your bunk and don't moved from that bunk, the rest of the night.

Petitioner had asked for a grievance when Sgt, Dennny first started cursing and hollering, when they both first walked into the Dorm's Pod". And Petitioner once again asked Lt. Williams for a grievance because the Lt. Was hollering and cursing at Petitioner.

The Lt. responded with," You don't asked question when The Lt. is speaking Lt. Williams continue to curse and screame at Petitioner, and Petitioner re-interated, that he was to be supplied with a grievance because of the way the two officers were talking to Petitioner.

The Lt. screamed at me, third time I requested a grievance and he said, " pack your stuff, your moving, I asked, where, and the two of them left without responding. They went and spoke to the couselor whom was on duty , a Mrs. Monalee West. They returned about a 1/2 hour 45 minutes, an told Plaintiff to get his stuff, your moving. The counselor lost her job.

As Petitioner preceded to where they were taking Petitioner, 1-B-Pod Petitioner found out, c/o Ware started talking from outside Dorm # 1. Petitioner asked c/o Ware," if he knew his sons? Because, Petitioner knew they all grew up together." C/O Ware responded"

you got a nerve to bring up them up" Your oldest son is upstairs, your youngest son is down Smyrna eatting and drinking his shit and piss, and truly that was a stabb in my heart, however, i held my tongue,he further said," my son Tyrone can't understand how to read some paper at Delaware State University, that he was dumb as shit. Again, Petitioner held his tongue, for I saw that they were serious.

We all had to hold up in the doors between the Gym and the Mail Room (sliding doors), while we stood there, Lt. Willams walked up to me, and stood and inch or two from my face, screaming and spitting in my face, saying," you think your smart, you think your something, but as far as he was concern, Petitioner was a piece of shit, and all three of the c/o who was walking with me, all got very close to me, and were ready to jump me.

The  only thing which stop this entire episode, the doors were open by primary and all the heated anger I thought subsided, for the moment. I was very close to being assaulted.

We all started walking again, and Lt. Williams said" hold up, in front of 1-B-Pod. Then c/o Ware said" see how you this, three in a cell. Petitioner, said" to ware, I feel all you said about my family, my sons you are player hating, and none of that stuff is real. My son Tyrone has graduated from DSU, my son Aaron E. Bruton has currently been placed in the Key Program South, and I pray my son was not driven to those extremes as you stated. And, my son Raymond Jr., the last time I spoke to him he was working every-day never did I know he was upstairs in   . H.R.Y.C.I.".

Therefore, because Petitioner, never would give those three the added fire and anger, and a threatening behavior; as soon as they place Petitioner on 1B-Pod, they ordered the door re-open and told Petitioner to pick his personal belongings back up off the floor, because I had set them down waiting to be told which cell I was assigned. As I walked out the door, Lt. Williams ordered the c/o to close the inside door, and told the officer to open the outside door and said to Petitioner," now we got you, your face with a Major 1-write up, sit your bags down right there,(middle of Hallway), Lt. Williams said" I'm going to have

the QR2 team to come and get you. Then Lt. Williams further said," to
the c/o, open the outer door to 1B-Pod, he placed me in the outer :
room with no hand cuffs on; the QR2 team arrived, they placed me in hand
cuffs, and took me to 1E-Pod.

Lt. Williams & Sgt. Denny act like they hate their own color with
such gaul when they see other black men in prison whites, they immedia-
tely go into an attack mode.

On July 8, 2006, I/M Bruton was charged with 06/200. 203 Disorderly or
threatening behavior 2.05 Disrespect, 2.06/200. 108 Failing to Obey an
Order, 2. 11/200  102 off limits.

On the Form# 127(F7B) (2art NCR) Revised: 6/01 Inmate Bruton requested
witnesses and to be able to confront accuser.

On July 16, 2006, Lt. Daniels called I/M Bruton into the enter-view
room. I/M Bruton asked" were are the witnesses? And is this the hearing?
Lt. Daniels said" yes, and he was not having my witnesses present."
Lt. Daniels said" my witnesses were not going to be enter-view, then
I asked where is my accuser, will he be present? Lt Daniels said"he was
going to have I/M accuser present, then he sreamed, " what are you trying
to do, tell me how to do my job? Lt. Daniels, then push the bell and
told me to get out, and go to your cell. Petitioner left immediately
however, as I was leaving, Petitioner asked Lt. Daniels," why was he so
up-set? Lt. Daniels screamed," you better get out of here, before I
give you more time".

On July 18, 2006, c/o Lee came to Petitioner while he was out on his
1 hour for rec., on 1E-Pod, he said" Lt. Daniels sent him to ask Petitioner
, if he would plead guilty, Lt. Daniels would give I/M Bruton 45 days in
hhe hole. If he did not plead guilty, he would give I/M Bruton 90 days
in the hole.

Petitioner was given an appeal form at 11:12 Pm with no written test-
imony of any of the witnesses or testimony of the accuser.

Lt. Daniels did not hold a hearing for I/M Bruton on the charges
presented by Sgt. Denney & Lt. Williams. Lt. Daniels has disregarded
all the rules of Due Process  which the 14,7, 5th amendments guaran-
teeds each and every I/M held incarceration, whom is charged with a

Disciplinary write-up, as Petitioner has been charged on July 8, 2006.

A couple of days later St. Lt. Ssbota had I/M Bruton brought St. Lt. Quarters. He held the exact same hearing once again as Lt. Daniels had held, only this time he said" he enterviewed my witnesses I had placed to be enterview, he called for my accuser to come to his office for the hearing, however, I guess we completed the hearing before Sgt. Denney arrived at his office. Petitioner pass Sgt. Denney as he was walking into the St. Lt. office and he made a facial expression to Petitioner. Staff Lt. Sabota enterview my witinesses and showed me statements of the enterview.

And once again, a few days later, the St. Lt. Sabota had Petitioner brought to his office again for another hearing, which produce the same results, a guilty verdict, and I did not understand.

Therefore, on September 12, 2006, at a approximately 6 or 6:30 Pm. St Lt. Sabota had I/M Bruton escorted to his office. When I/M Bruton entered his office, St. Lt. Sabota had a chair in the middle of the room where he directed I/M Bruto to sit. St. Lt. Sabota had c/o Curtis Sealy present as a witness for the institution, he had a c/o whom is a rover on the 4 to 12 shift, who escorted Petitioner down to the hearing, the hearing was being filmed, or whatever this meeting was.

St. Lt. Sabota said" he was going to film this hearing, a hearing similar St. Lt. Sabota held on Petitioner's write-up back on July 19, 2006 on the self same issues.

I/M Bruton was expecting Captain Bamford to give I/M the results of his appeal, and St. Lt. Sabota is recording a hearing which was completed on July 19, 2006.

After St. Lt. Sabota had finish, he said" in July 2006, I saw nothing to change my mind, and I'm ruling the same as I did then.

On October 19, 2006, Lt. Sheet called for I/M Bruton to be escorted to his office. Once there Lt. Sheet asked I/M Bruton" why was he writing to his Superior, Major Williams, acting Deputy Warden? I/M Bruton explain to Lt. Sheet, that I/M had placed an appeal into Captain Bamford's office, about a write-up and sanction I/M Bruton had recieved on July 8, 2006, and until this evening October 19, 2006 Petitioner

had heard absolutly nothing from the Captain Bamford.

Furthermore, Lt. Sheet informed I/M Bruton the appeal was heard on September 12, 2006, and denied when St. Lt. Sabota along with Lt. Williams held a total of(3) hearings. Now St. Lt. Sabota has held a total of three hearings before September 12, 2006, finding I/M Bruton guilty at all three Hearings. Now he is ruling on the appeal of I/M Bruton, Its a complete violation of I/M Bruton's Due Process.

Sgt. Edwards at one of the hearings held by St. Lt. Sabota tryed to state that Petitioner had pleaded guilty at the inital meeting where I plead guilty or not guilty. Sgt. Edwards lied on Petitioner and forged form#: 127 (F&B) (2-part) NCR) Revised : 6/01, he stated that Petitioner had pleaded guilty, which was a lie, however, St. Lt. Sabota acted as if he didn't hear him and ignored his comments:

Lt. Daniels sent Petitioner a message while he was out on recreation, c/o Lee whom is one of the c/o that work 1E-Pod, came to me as I was sitting at a table awaiting a shower; c/o Lee said" Lt. Daniels told him to tell me, I was an old man try ing to be young. Petitioner did not understand why Lt. Daniels sent that message, it was out of the clear blue, and contrary t to protocol.

Raymond L. Bruton
SBI# 069025 Unit 2Q-Pod
H.R.Y.C.I., PO Box 9561
Wilmington, DE 19809

Dated:November 21, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND L.BRUTON                    )
                                    )
                                    )
                                    )
                                    )
                                    )
LT. GARLAND WILLIAMS,ET. AL).
                                    )
                                    )

## AFFIDAVIT

I Jefferson Scales, having been duly sworn according to the
law do hereby depose and say the following:

On the date of July 8, 2006, I saw Raymond L. Bruton, ask the
c/o Sealy for a grievance form, after the Sgt. Denney was holler-
ing and cures him out, and slammed the c/o door in Bruton's face.
The Sgt. Denney was out of control.

Then Lt. Williams went to the Sgt. aide which was not necessary
and further cures I/M Bruton, and told him to get on his bunk and
to not move off his bunk. I/M Bruton was on his bunk an asked Lt.
Williams for a grievance form. Never did I/m Bruton do anything
that was a violation  of any of the rules and regulation. I/M
Raymond Bruton was on his bunk and made several attempts trying to
get the c/o to give him a grievance form.

After making several request trying to get a grievance form,
I observed the Lt. tell I/M Bruton to pack his stuff. From my
knowledge I/M bruton was then taken to the 1-E & 1-F Pod:

Jefferson Scales
SBI#

SWORN AND SUBSCRIBED BEFORE ME THIS 3 day September 2006

NOVEMBER

11/3/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON )
)
     Plaintiff, )
)
     v. )
)
)
)
LT. GARLAND WILLIAMS, et al, )
)
)

## AFFIDAVIT

On July 8, 2006, I Carl W. Watson III, witness Raymond L
Bruton, request of C/O Curtist Sealy for a grievanceform, after
the Sgt. Denney cursed and yell at him, telling him to shut the
fuck up and slammed the door in Mr. Bruton's face. Afterwards
Lt. Williams came back with the Sgt. Denney and also cursed and
threatened Mr. Bruton, and told him to get on his bunk. After
following the Lt. Williams order, they told Mr. Bruton to get on
his fucking bunk. After following the orders of the Lt. Williams
Mr. Bruton asked the Lt. Williams for a grievance form, asking
in a respecful manner, for a grievance form. C/O Sealy, Lt.
Williams, and Sgt. Denney were all asked for a grievance form
numerous times, they all got hysterical, yelling at Mr. Bruton
and then told him very loudly to pack his shit and Mr. Bruton
was then escorted from the Dorm# 2 without a reason. We at the
Dorm# 2 was confused and worried about Mr. Bruton.

Carl W. Watson III
SBI# 203098  Unit 2R-Pod
H.R.Y.C.I., PO Box 9561
Wilmington, DE 19809

SWORN AND SUBSCRIBED BEFORE ME ON THIS DAY 13

November 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAYMOND L. BRUTON )
)
        Plaintiff, )
)
    v. )
)
)
)
LT. GARLAND WILLIAMS,ET.AL )
)
)

## AFFIDAVIT

On July 8, 2006, I Myles Hart was standing or leaning on t the front step in front of the Pod's Office along with resident Raymond L. Bruton. We both were standing at the c/o Pod's Office requesting a razor to shave with. The c/o Curtist Sealy was writing our names down and our bunk # for the using of the razor when in the Pod's Office walked Lt. williams and Sgt. Denny.

Sgt. Denny immediately started screaming and cursing at resident Bruton, and told him to remove his foot off the step. Resident Hart was said nothing to , even as we both stood equally by the Pod's door.

Resident Bruton asked Sgt. Denny, why was he screaming and cursing him out? Sgt. Denny slammed the Pod's door shut in residents face and ignored residents Bruton's question.

However, the front door open up and Lt. Williams walked down the steps, straight toward resident Bruton. Lt. Williams stop in resident Bruton's face and told him," he is not to say anything when he or Sgt. Denny tell him anything. Resident Bruton requested a grievance when Sgt. Denny first started to curse him out and was screaming at resident, and now he further requested another grievance for the screaming and cursing that Lt. Williams was doing at that time.

Lt. Williams was screaming in his face, he again requested (2) grievances, one for Sgt. Denny and one for Lt. Williams.Resident Bruton never provoked or disrespected either Lt. Williams or Sgt. Denny. However, Lt. Williams made resident Bruton sit on his bunk and then made resident pack his personals and took him to 1-E-Pod, for absolutely nothing at all. It was a terrible day

for resident Bruton to be forced to move all because resident

Bruton  wanted a razor, to shave.

     Lt. Williams and Sgt. Denny are very disrespectful and highly
emotional:

I/M Myles Hart
SBI# 499250 Unit Dorm#2
H.R.Y.C.I., P.O Box 9561
Wilmington, DE 19809

Dated:

Nov<del>ber</del>       SWORN AND SUBSCRIBED BEFORE ME THIS    3rd    day <del>Septem-</del>
                    2006

Signed and sworn to (or affirmed)
before me this  3rd  of  Nov  2006
               day      month    year

Signature of Notary Public, ST of DE

Raymond L. Bruton
SBI# 069025 Unit 2Q-Pod
H.R.Y.C.I., PO Box 9561
Wilmington, DE 19809

September 14,2006

Mr. Stan Taylor
Commissioner Of Prison
Department Of Correction
Bureau OF Prison
245 Mckee Road
Dover, Delaware 19904

RE: Status OF My Appeal

Dear Mr. Taylor;

I pray this letter will arrive to find you well and at peace.
This letter is in regards to my appeal which was sent to Cap-
tain Bamford in case No. Dr3015969 on, July 19, 2006, St. Lt.
Sabota hand delivered my appeal to Captain Bamford. Since that
date I/M Bruton has mailed two letters to Captain Bamford, one
letter to Major Williams, whom I found out is on extended sick
leave, and mailed a letter to Warden Williams, requesting his
office to find out what is delayiny I/M Bruton's appeal.

St. Lt. Sabota on July 12, 2006, had a video Conference of a
witness, c/o Sealy and myself, Mr. Taylor, the hearing did not
make any sense, on July 8, 2006, I was charge with several insti-
tutionnal offenses. On July 18, 2006, I was found guilty. I was
before Lt. Daniels on that date; on July 19, 2006, St. Lt.Sabota
another hearing on the self same write-up; he found me guilty; on
September 12, 2006, he had a video of a hearing, having c/oSealy
testify not in my favor, and I have 15, witnesses that will test-
ify c/o Sealy told them on July 8, 2006, the night this incident
took place, that Lt. Williams and Sgt. Denney were wrong for the
way they came to Dorm# 2 and place charges on I/M Bruton.

My complaint now, all of this nonsense that St. Lt. Sabota is
doing now, makes very little sense; the hearing has been held, th
appeal has been placed in Captain Bamford's hands, why is St. Lt.
Sabota still holding hearings on the matter, and why is Captain
Bamford still holding on to my appeal and he keeps sending St.Lt.
Sabota to hold these fictious, an fake hearings?

Will you please look into this matter, only someone higer up
can make any sense of these proceedings:

Sincerely Yours,

Raymond L. Bruton

TO: Major Dave Williams, Acting Deputy Warden

From: Raymond L. Bruton

Date: October 19, 2006

RE: My Appeal

Dear Major Williams;

On Thursday evening around 6: 30 Pm, I was taken to the Lt. Sheet's office, where I was told, St. Lt. Sabota on September 12 2006, had completed my appeal, and denied my appeal.

Never did he send me a notice of his decision, nor was I informed that the (3rd) hearing St. Lt. Sabota did on September 12 2006, was a hearing on my appeal and that he was denying my appea

No paper work was presented to me for my record, and I was denied the opportunity to file an appeal to the Commissioner Stan Taylor.

Because of the lack of due process, is there something that you can do?

St. Lt. Sabota had (2) previous hearings trying to find me guilty, how can he also do my appeal?

Yours Truly,

Raymond L. Bruton

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19801
Telephone: (302) 429-7719
Fax: (302) 429-7708

Dave Williams
Acting Deputy Warden

## *MEMORANDUM*

*TO:*       *Raymond L. Bruton, 069025*
            *2Q21*

*FROM:*     *Acting Deputy Warden Dave Williams* 10/18

*DATE:*     *October 18, 2006*

*SUBJ:*     **YOUR RECENT CORRESPONDENCE**

   *Your recent correspondence to this office has been forwarded to Captain Bamford, for any further action/response required.*

   *Thank you.*

*DW:co*

**DISTRIBUTION:**
*Captain David Bamford*
*File*

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Raymond Bruton, 00069025*
           *Q Pod*

*FROM:*    *Warden Raphael Williams*

*DATE:*    *September 11, 2006*

*SUBJ:*    **YOUR RECENT CORRESPONDENCE**

   *Your correspondence has been forwarded to Captain David Bamford for review and any response deemed appropriate.  Major Williams is out on extended sick leave.*

*RW:adc*

## *DISTRIBUTION*

*Captain David Bamford*
*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Raymond Bruton, 0069025*
          *1E Pod*

*FROM:*    *Warden Raphael Williams*

*DATE:*    *July 19, 2006*

*SUBJ:*    **YOUR RECENT CORRESPONDENCE**

   *Your correspondence has been forwarded to Captain Bamford for review and response.*

*RW:adc*

## *DISTRIBUTION*

*Captain Bamford*
*File*

20



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Raymond Bruton, 00069025*
           ~~Dormitory II~~

*FROM:*    *Warden Raphael Williams*

*DATE:*    *July 10, 2006*

*SUBJ:*    ***YOUR RECENT CORRESPONDENCE***

*Your correspondence has been forwarded to Captain Bamford for review; however, a cursory review of the incident report reveals you received disciplinary action for disorderly/threatening behavior, disrespect, failing to obey an order and off limits. You may provide your side of the story at your hearing.*

*RW:adc*

### *DISTRIBUTION*

*File*

| Disciplinary# | HRYCI Howard R. Young Correctional Institution |
|---|---|
| 3015969 | 1301 E. 12th Street |

**HRYCI Howard R. Young Correctional Institution**
**1301 E. 12th Street**
**WILMINGTON DE, 19809**
**Phone No. 302-429-7700**

**Date: 07/08/2006**

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | | Housing Unit: Pod 1E | | IR#: 3019758 | | |
|---|---|---|---|---|---|---|
| **SBI#** | **Inmate Name** | **Inst. Name** | **Location Of Incident** | | **Date** | **Time** |
| 00069025 | Bruton, Raymond L | HRYCI | Dorm II | | 07/08/2006 | 18:25 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

| Witnesses:1.N/A | 2. N/A | 3. N/A |
|---|---|---|

### Description of Alleged Violation(s)

On The Above Date And Approximate Time Inmate Bruton, Raymond Sbi# 0069025 Was Ordered By Sgt. Denney Not To Stand On The Steps To The Module. Inmate Bruton Became Argumentative Towards Sgt. Denney And Lt. Williams When He Was Told He Would Not Get An Explanation To The Order. Lt. Williams Ordered Inmate Bruton To His Bunk. Inmate Bruton Complied Only After Lt. Williams Issued A Final Order. Sgt. Denney And Lt. Williams Talked To Counselor West And Advised That Inmate Bruton Has Been A Distraction To The Program And Further More Has Already Graduated. The Decision Was Made To Move Inmate Bruton To 1-B. During The Escort. During The Escort Inmate Bruton Continued To Talk After Being Ordered Several Times By Sgt. Denney And Lt. Williams Not To. Once In The Alcove Inmate Bruton Became Even More Disorderly By Verbally Attacking C/O Ware Calling Him A "Fat Boy", Lt. Williams Calling Him A "Goofball" And Sgt. Denney Calling Him A "Grease Ball". Lt. Williams Then Decided To Move Inmate Bruton To 1-E And Place Him On Pre-Hearing Detention For His Consistant Disorderly Behavior.

Reporting Officer: Denney, Rahim L (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

Immediate action taken by: Denney, Rahim L -CO Corporal/Sgt. - Large Inst.

Moved Inmate Bruton To 1-E.

### Offender Disposition Details

Disposition:N/A      Date:N/A      Time: N/A      Cell secured? No

Reason:N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: [ ]      Disapproved: [ ]      Approved By:, ()

Comments:N/A

### Shift Supervisor Details

Date Received:      Time:      Received From:,

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

, ()

I have received a copy of this notice on **DATE:** $7-8-06$ **TIME:** $23/0$ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____      Offender: _____

Bruton, Raymond L

FORM #: 127 (F&B)  
(2-part NCR)  
Revised: 6/01

NOTICE OF DISCIPLINARY HEARING  
FOR MINOR/MAJOR OFFENSE

To be completed by  
Hearing Office  
DR _3015969_

TO:    Inmate: _BRUTON, RAYMOND_ SBI#: _230 69025_ HOUSING UNIT: _____

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)    1. 06    2. 05    3. 06    2. 11

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.  
How do you plead?    [X] Guilty        [  ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time of more than 24 hours but less than 5 days.

(4.) A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of more than 15 days but less than 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 30 days.
   d. Loss of good time for a period not to exceed 30 days.
   (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?    [  ] Yes    [X] No    Name of Counsel: _____

7. Witness requested?    [X] Yes    [  ] No    Name(s) of Witness: _Mynter of Don II_

8. Confront accuser?    [X] Yes    [  ] No    _ct. F wire Tfinin._ _Perry Vincent_

I certify that on _7-8-06_ at _23/0_, I served  
(date)        (time)  
upon the above inmate this notice of Disciplinary Hearing for Minor/Major Offense and (2) the Disciplinary Report is attached hereto.

I have received copies of 122 & 593 and understand my rights as Form #593 has been read to me.

_(Employee's Signature & Title)_

_(Inmate's Signature)_

**INMATE RIGHTS IN THE DISCIPLINARY PROCESS**

## MINOR OFFENSE

Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE – Shift Commander W/Form 122        YELLOW - Inmate

| DR#<br>3015969 | **HRYCI Howard R.Young Correctional Institution**<br>**1301 E. 12th Street**<br>**WILMINGTON DE, 19809**<br>**Phone No. 302-429-7700**<br>Date: 07/19/2006 |
|---|---|

## DISCIPLINARY HEARING DECISION

**Inmate :** Bruton, Raymond L                                    **SBI#:** 00069025      **Type:** Class 1

**Institution:** HRYCI Howard R.Young Correctional Institution          **Hearing Date:** 07/16/2006    **Time:** 20:46

**Inmate Present:** Yes      **Reason(If No):** N/A

**Violation:**  1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

**Inmate PLEA:** Not Guilty

**Inmate Statement:** i/m stated Sgt.Denny and Lt. Williams where wrong

**Witness Name:** ‚

**Testimony :** i/m v. Perry stated he was not in area when i/m Bruton got into it with Lt.Williams and Sgt. Denny

**Decision :** Guilty

**Rational :** officers report, and i/m Brutons behavior durning hearing.(hearing was stopped after 4 minutes because of i/m Brutons disruptive behavior durning the proceeding)

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE

Daniels, Kimphus

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer.I may appeal the decision of a Class I Hearing to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in,writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

  I [X]   **DO**      [ ]    **DO NOT INTEND TO APPEAL**

                                                                        **INMATE's SIGNATURE**

### ORDER TO IMPLEMENT SANCTIONS

[X]    Inmate does not wish to appeal              [ ]    Appeal has been denied by Commissioner or Designate

[ ]    Sanctions have been modified               [ ]    Time Limit(72 Hours since hearing) for appeal has expired

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 07/08/2006 | 30 | 08/06/2006 |

| Disciplinary#  | | HRYCI Howard R.Young Correctional Institution | | | Date: 07/08/2006 | |
| --- | --- | --- | --- | --- | --- | --- |
| 3015969 | | | | | | |

1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | | | Housing Unit Pod 1E | | IR#: 3019758 | |
| --- | --- | --- | --- | --- | --- | --- |
| **SBI#** | **Inmate Name** | | **Inst. Name** | **Location Of Incident** | **Date** | **Time** |
| 00069025 | Bruton, Raymond L | | HRYCI | Dorm II | 07/08/2006 | 18:25 |

**Violations:** 1.06/200.203 Disorderly or Threatening Behavior, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

| Witnesses:1, N/A | | 2. N/A | | 3. N/A | |
| --- | --- | --- | --- | --- | --- |

## Description of Alleged Violation(s)

On The Above Date And Approximate Time Inmate Bruton, Raymond Sbi# 0069025 Was Ordered By Sgt. Denney Not To Stand On The Steps To The Module. Inmate Bruton Became Argumentative Towards Sgt. Denney And Lt. Williams When He Was Told He Would Not Get An Explanation To The Order. Lt. Williams Ordered Inmate Bruton To His Bunk. Inmate Bruton Complied Only After Lt. Williams Issued A Final Order. Sgt. Denney And Lt. Williams Talked To Counselor West And Advised That Inmate Bruton Has Been A Distraction To The Program And Further More Has Already Graduated. The Decision Was Made To Move Inmate Bruton To 1-B. During The Escort. During The Escort Inmate Bruton Continued To Talk After Being Ordered Several Times By Sgt. Denney And Lt. Williams Not To. Once In The Alcove Inmate Bruton Became Even More Disorderly By Verbally Attacking C/O Ware Calling Him A "Fat Boy", Lt. Williams Calling Him A "Goofball" And Sgt. Denney Calling Him A "Grease Ball". Lt. Williams Then Decided To Move Inmate Bruton To 1-E And Place Him On Pre-Hearing Detention For His Consistant Disorderly Behavior.
**Reporting Officer:** Denney, Rahim L (CO Corporal/Sgt. - Large Inst.)

## Immediate Action Taken

**Immediate action taken by:** Denney, Rahim L -CO Corporal/Sgt. - Large Inst.

Moved Inmate Bruton To 1-E.

## Offender Disposition Details

**Disposition:** N/A                    **Date:** N/A          **Time:** N/A          **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

## Approval Information

Approved: [ ]       Disapproved: [ ]   Approved By: ()

Comments: N/A

## Shift Supervisor Details

Date Received:                 Time:              Received From: ,

**Shift Supervisor Determination:**

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

_____
, ()

I have received a copy of this notice on **DATE:** 7-8-0(_o_ **TIME:** 23/0 and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing**
**Officer:** _____     **Offender:** _____

                                                                            Bruton, Raymond L

**Page 1 of 1**

FORM #: 127 (F&B)                NOTICE OF DISCIPLINARY HEARING
(2-part NCR)                       FOR MINOR/MAJOR OFFENSE
Revised: 6/01

| | To be completed by Hearing Office DR 3015969 |

TO:    Inmate: _BRUTON, RAYMOND_ SBI#: _020 69025_ HOUSING UNIT: _1-c_

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)   1.06   2.05   2.06   2.11

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead?   [X] Guilty          [  ] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time of more than 24 hours but less than 5 days.

(4.) A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of more than 15 days but less than 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 30 days.
   d. Loss of good time for a period not to exceed 30 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?    [  ] Yes    [X] No        Name of Counsel: _____

7. Witness requested?    [X] Yes    [  ] No        Name(s) of Witness: _Members of Upper II_
                                                    _that were there._
8. Confront accuser?     [X] Yes    [  ] No        _Perry Vincent_

I certify that on _7-8-06_ at _23/0_ , I served
                  (date)        (time)
upon the above inmate this notice of Disciplinary        I have received copies of 122 & 593 and
Hearing for Minor/Major Offense and (2) the              understand my rights as Form #593 has been read
Disciplinary Report is attached hereto.                  to me.

_____                              _____
(Employee's Signature & Title)                       (Inmate's Signature)
●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●
                    INMATE RIGHTS IN THE DISCIPLINARY PROCESS

## MINOR OFFENSE

Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE – Shift Commander W/Form 122          YELLOW - Inmate

## NOTICE OF DISCIPLINARY HEARING – PAGE 2

## INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**Impartial Hearing Officer:** You have the right to be heard by an Impartial Hearing Officer, who shall not have witnessed the incident in question, have been involved in preparation of the charge, or otherwise biased against you. Such Hearing Officer shall not have had supervisory responsibility over you during the six months immediately proceeding the hearing and shall be of a rank no lower than Lieutenant.

**Make a Statement and Present Evidence:** You have the right to make a statement and present any reasonable evidence, including written statements from others in your behalf.

**Record of Findings:** You have the right to receive a written record of the Disciplinary Hearing. Such record shall state the findings of the Hearing Officer, summarize the evidence relied upon, and will state the sanctions imposed, if any.

**Appeal:** You have the right to appeal the decision of the Hearing Officer to the Commissioner of the Department of Correction or his designee. At the Disciplinary Hearing you will be provided with an appeal form. Execution of any sanction imposed by the Hearing Officer shall be automatically stayed for seventy-two (72) hours immediately following the hearing UNLESS YOU INDICATE ON THE APPEAL FORM THAT YOU DO NOT INTEND TO APPEAL. The purpose of the automatic stay is to afford you time to decide if you want to appeal. If you file an appeal within seventy-two (72) hours immediately following the hearing, the Hearing Officer MUST stay the execution of the sanction until an appeal decision is rendered. If you do not file an appeal within seventy-two (72) hours immediately following the hearing OR if you indicate on the appeal form that you do not want to appeal, the sanction shall be executed. The 72-hour time limit will run only while you are incarcerated at the institution.

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

**MAJOR OFFENSE**                    **(All of the above plus the following)**
**Counsel:** You have the right to consult with counsel substitute prior to the hearing. At the hearing, you may be accompanied by a counsel substitute who may be either a staff member or an approved inmate. The extent to which counsel substitute may present your case at a Disciplinary Hearing shall be within the discretion of the Hearing Officer, taking into consideration such factors as your literacy, intelligence, the complexity of the issues under consideration, and other factors which may prevent you from making a complete presentation on your own behalf.

**Pre-Hearing Detention:** You have the right to remain in your existing status until the hearing unless you become sufficient threat to other inmates, staff members, or yourself to warrant pre-hearing detention. If pre-hearing detention is ordered by the Shift Supervisor of your unit, that order must be reviewed by the Warden or his designee every 24 hours. Failure to do so will cause you to return to your previous status. Any time spent in pre-hearing detention will be credited against any subsequent sanction imposed.

**Copies of Written Information:** You have the right to receive copies of any written information which the Hearing Officer may consider except where disclosure of such information would be unduly hazardous to institutional safety or would endanger the physical safety of an individual, reasons for non-disclosure to be stated in writing. In all other cases where written information is not disclosed, the contents will be summarized for you to the extent this may be done without creating a substantial risk to institutional or personal safety.

**Call Witness:** You have the right to call witnesses on your behalf unless doing so would be irrelevant, redundant, unduly hazardous to institutional safety, or would endanger the physical safety of any individual; such reasons will be stated in writing by the Hearing Officer.

**Confront and Cross-Examine Accuser:** You have the right to confront and cross-examine your accuser (the author of the Disciplinary Report) and all witnesses who testify against you unless doing so would be unduly hazardous to institutional safety or would endanger the physical safety of the witness; such reasons for denial will be stated in writing by the Hearing Officer.

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
**OFFICE OF THE GRIEVANCE CHAIRPERSON**
1301 E. 12TH STREET
WILMINGTON, DE 19801

**MEMORANDUM**

TO:       Inmate _Raymond Bruton_  1E

FROM:   Sgt. Moody, Inmate Grievance Chairperson

DATE:    7/14/06

RE:       YOUR RECENT GRIEVANCE #06- 52/43

This memo is to inform you that the grievance submitted by you dated 7/9/06 , regarding _Officers Ware, Deemy & Williams_ is not grievable for the following reason(s):

_____ The complaint was addressed by the IGC: _____.

_____ Security issue (involves the security and/or staffing of the Institution and/or the safety, health, and/or welfare of inmates, staff and the public).

_____ Classification issues (security classification, jobs, transfers, programs, housing unit assignment). Classification has its own appeal process. The inmate must write to the Treatment/Classification Unit within seven (7) days after the inmate receives the Classification decision. The letter must state that the inmate is appealing the classification and clearly indicate the reasons the inmate disagrees with the classification decision.

__✓__ **Disciplinary issue. Disciplinary actions cannot be grieved but must be APPEALED within 24 hours of the Class I or Class II Hearing Decision. Complete an appeal form and mail it to the facility Hearing Officer within 24 hours of receiving the form. Please note that 24 loss of all privileges cannot be appealed**.

_____ Parole Board Decision. The inmate must write a letter to the Parole Board within 30 days of the Board's decision. Expressing the desire to appeal the decision and listing the reasons. The Parole Board's address is: Board of Parole, Carvel State Office Building, 820 N. French Street, 5th Floor, Wilmington, DE 19801.

__✓__ **Inmates cannot request or demand disciplinary action on staff. If you have a complaint regarding staff write a letter to that person's supervisor. In this case, that is: Captain Bamford, 4x12 Shift Commander.**

_____ This is an issue/complaint that has already been grieved by you or another inmate. _____.

_____ Grievance is unacceptable because it has passed the seven (7) day time frame allotted to file a grievance.

_____ The grievance is a photocopy, carbon copy, written in pencil or red ink. Original grievance forms must be written in black or dark blue ink.

_____ This complaint is addressed in the Inmate Handbook. Refer to the handbook page _____

for clarification and/or direction.

✓ **Action request is inappropriate or not completed. Inmate must make an actual request, such as, request that an investigation be conducted (inmates are not forwarded results of investigations that involve staff conduct).**

_____ Documentation must be attached to the grievance when it is resubmitted that supports allegations/complaint, such as commissary receipts, Form 537, etc. The IGC will make copies of items submitted with the grievance and return the originals to the inmate.

_____ this complaint should be addressed by submitting a sick call slip. If you are experiencing any type medical condition, please submit a sick call slip.

✓ **Other: I/M Bruton, please be advised in accordance with the Inmate Grievance Procedure 4.4, you are to briefly state the reason for the grievance. Also you are required to attempt to resolve complaints prior to filing a regular grievance.**

_____ Other: Please be advised that you have submitted your grievance on the wrong form. Please re-submit using the correct grievance form.

cc:     file

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
**OFFICE OF THE GRIEVANCE CHAIRPERSON**
1301 E. 12TH STREET
WILMINGTON, DE 19801

**MEMORANDUM**

TO:      Inmate _Raymond Bruton_

FROM:    Sgt. Moody, Inmate Grievance Chairperson

DATE:    _8/3/06_

RE:      YOUR RECENT GRIEVANCE #06- _55564_

This memo is to inform you that the grievance submitted by you dated _7/30/06_, regarding _disciplinary hearing_ is not grievable for the following reason(s):

____ The complaint was addressed by the IGC: _____.

____ Security issue (involves the security and/or staffing of the Institution and/or the safety, health, and/or welfare of inmates, staff and the public).

____ Classification issues (security classification, jobs, transfers, programs, housing unit assignment). Classification has its own appeal process. The inmate must write to the Treatment/Classification Unit within seven (7) days after the inmate receives the Classification decision. The letter must state that the inmate is appealing the classification and clearly indicate the reasons the inmate disagrees with the classification decision.

__✓_ Disciplinary issue. Disciplinary actions cannot be grieved but must be APPEALED within 24 hours of the Class I or Class II Hearing Decision. Complete an appeal form and mail it to the facility Hearing Officer within 24 hours of receiving the form. Please note that 24 loss of all privileges cannot be appealed.

____ Parole Board Decision. The inmate must write a letter to the Parole Board within 30 days of the Board's decision. Expressing the desire to appeal the decision and listing the reasons. The Parole Board's address is: Board of Parole, Carvel State Office Building, 820 N. French Street, 5th Floor, Wilmington, DE 19801.

____ Inmates cannot request or demand disciplinary action on staff. If you have a complaint regarding staff write a letter to that person's supervisor. In this case, that is:

____ This is an issue/complaint that has already been grieved by you or another inmate._____.

____ Grievance is unacceptable because it has passed the seven (7) day time frame allotted to file a grievance.

____ The grievance is a photocopy, carbon copy, written in pencil or red ink. Original grievance forms must be written in black or dark blue ink.

____ This complaint is addressed in the Inmate Handbook. Refer to the handbook page _____ for clarification and/or direction.

____ Action request is inappropriate or not completed. Inmate must make an actual request, such as, request that an investigation be conducted (inmates are not forwarded results of investigations that involve staff conduct).

____ Documentation must be attached to the grievance when it is resubmitted that supports allegations/complaint, such as commissary receipts, Form 537, etc. The IGC will make copies of items submitted with the grievance and return the originals to the inmate.

____ this complaint should be addressed by submitting a sick call slip. If you are experiencing any type medical condition, please submit a sick call slip.

____Other:  Requests are not processed through the grievance procedure.

____ Other: Please be advised that you have submitted your grievance on the wrong form. Please re-submit using the correct grievance form.

cc:      file

**II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  • • Y̶e̶s̶  • • No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  • • Y̶e̶s̶  • • No

C.    If your answer to "B" is Yes:

1. What steps did you take? Wrote a grievance on 7/9/06,#06-

    52143 on Officers Ware, Denny and Williams:

2. What was the result? Also wrote Warden Williams, Chairpees

    on Sgt. Moody, replied, inmates cannot request or
    demand disciplinary action on staff. Also wrote to
    Commissioner Stan Taylor.
D.    If your answer to "B" is No, explain why not: _____ Yes

**III.    DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant:  Sgt. Denny

    Employed as Sgt.                          at H.R.Y.C.I.

    Mailing address with zip code: P.O. Box 9561, Wilm, DE 19809

(2) Name of second defendant:  Lt. Williams, GARLAND

    Employed as Lt.                           at H.R.Y.C.I.

    Mailing address with zip code: P.O.Box 9561, Wilm, DE 19809

(3) Name of third defendant:  Lt. Sabota

    Employed as Lt.                           at H.R.Y.C.I.

    Mailing address with zip code: P.O. Box 9561, Wilm, DE 19809

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

**FORM #584**

**GRIEVANCE FORM**

FACILITY: H. R. Y. C. I. DATE: October 20, 2006

GRIEVANT'S NAME: Raymond L. Beoton SBI#: 069025

CASE#: TIME OF INCIDENT: 6:30 PM 10/19/06

HOUSING UNIT: 2 Q-Pod

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

ON october 19, 2006, Lt. street called For I/m Beoton to be brought to his office. Once there he asked I/m Beoton "why was he writing to his superior, Major Williams"? I/m Beoton explain to him, he had put an appeal into Captain BamFord's office, From a write up and sanction he had Recieved on July 8 2006, and until this night, he had heard nothing From Captain BamFord.

Lt. street inFormed I/m Beoton, the appeal was heard by Lt. Sabota and denied. I/m Beoton cannot understand how this was done, when Lt Sabota held Two hearings along with Lt. Daniels, trying to Find I/m Beoton guilty on the write-up, Now he is ruling on I/m Beoton's appeal also, this is a complete violation of I/m Beoton's Due process; And to compound the damage, Lt Sabota never inFormed I/m Beoton of this process, to allow I/m Beoton to appeal to commissioner Taylor:

ACTION REQUESTED BY GRIEVANT: Investigate how is it possible For Lt. Sabota to have two hearings on this write-up in July, Find I/m Beoton guilty, and then making a ruling on the appeal, denying the appeal, without sending a copy or inForming I/m Beoton of this process, denying I/m Beoton the opportunity to appeal this entire process to the Commissioner, mr. Stan Taylor:

GRIEVANT'S SIGNATURE: Raymond L. Bruton DATE: 10/20/06

WAS AN INFORMAL RESOLUTION ACCEPTED? _____(YES) _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:____________________ DATE:____________

**IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

**cc: INSTITUTION FILE**
**GRIEVANT**

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

---

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.    _____Disciplinary Action    _____Parole Decision    _____Classification Action

_____ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances must be submitted to the Inmate Grievance Chairperson.** Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

_____                    _____
Inmate Grievance Chairperson                                                      Date

Form#: 584 (F&B)
(Reverse Revised July '99)

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.    SEE Attached Statement of Facts:

2.    SEE Attached Statement of Facts:

3.    SEE Attached Statement of Facts:

## V.    RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.    Plaintiff respectfully request of the Court to be compensated and request puntive damages against the Defendants for deliberately creating a situation to place Plaintiff in harms way which violated Plain-tiff's 14 Amendment rights to the U.S.Constitution

3

2.      Furthermore, Plaintiff was placed in the 1-E &1-F
for no reason what so-ever. Plaintiff did not break
any rule which would have allowed the Defendant's to
place him in 1-E & 1-F for Disciplinary reason for
his conduct, and Defendant's place Plaintiff within

3.     the confounds of 1-E & 1-F for personal reasons and
and not for any Disciplinary write up, which was
false and in non- existence. And the Eight Amendment
Cruel and Unusal Punishment, with deliberate indif-
ference:

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _21_ day of _Novembel_ , 2006 .

_Raymond L. Bruton_
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4