IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND L. BRUTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-744-SLR |
| | ) |
| SGT. DENNY, LT. WILLIAMS, | ) |
| LT. SABOTA, LT. DANIELS, | ) |
| SGT. EDWARDS, C/O SEALY, | ) |
| WARDEN RAPHAEL WILLIAMS, STAN | ) |
| TAYLOR, and CAPTAIN BAMFORD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of May, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Raymond L. Bruton, an inmate at the Howard R. Young Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis. He alleges his constitutional rights were violated when he received a disciplinary write-up for false and non-existence reasons.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff specifically complains of the actions of defendants Sgt. Denny ("Denny") and Lt. Williams ("Williams") on July 8, 2006. Plaintiff alleges they screamed, cursed, and yelled at him, that Denny slammed a door in his face, and they continued to act this way when he requested grievance forms. Plaintiff also alleges that Williams stood an inch or two from his face, screaming and spitting in plaintiff's face. Plaintiff received a disciplinary report for disorderly or threatening behavior, disrespect, failing to obey an order and off limits.

5. Plaintiff alleges he was called into the interview room on July 16, 2006 by

defendant Lt. Daniels ("Daniels") and, after asking, was told a hearing would be held but he would not have his witnesses present. Daniels also told plaintiff his witnesses would not be interviewed, but that his accuser would be present. Plaintiff alleges that Daniels became upset with him and told plaintiff to get out and go back to his cell. He alleges that on July 18, 2006, at the behest of Daniels, plaintiff was asked by C/O Lee if he would plead guilty and was advised of the penalties for a guilty plea versus a not guilty plea. That day, late in the evening, he was given an appeal form that did not contain written testimony of any of the witnesses or the accuser. Plaintiff alleges that Daniels' failure to hold a hearing violated his right to due process.

6. Plaintiff alleges that a few days later, defendant Lt. Sabota ("Sabota") held the "exact same hearing once again", only Sabota interviewed plaintiff's witnesses and called for plaintiff's accuser, Denny, to appear. A few days later, Sabota called plaintiff to his office for another hearing with the same result – a guilty verdict.

7. Plaintiff alleges that on September 12, 2006, he was escorted to Sabota's office. Defendant C/O Sealy ("Sealy") was present as a witness for the institution. Plaintiff alleges that Sabota held a hearing on the same write-up and the same issues as in the previous hearing. The hearing was filmed. Plaintiff alleges he expected defendant Captain Bamford ("Bamford") to give him the results of his appeal, but instead he was given a third hearing by Sabota. Following the completion of the hearing Sabota indicated that he saw nothing to change his mind and would rule the same as he had in July. Plaintiff alleges that as of October 19, 2006, there was no ruling from Bamford on his appeal.

8. Plaintiff alleges that during the second hearing held by Sabota, defendant Sgt. Edwards ("Edwards") tried to state plaintiff had pled guilty at his initial hearing and that Edwards forged a form that stated plaintiff had pled guilty. Plaintiff, alleges, however that Sabota "acted as if he didn't hear him and ignored his comments."

9. **Verbal Abuse**. Plaintiff's allegations against defendants Denny and Williams fail to state a claim upon which relief may be granted. Verbal abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). To the extent plaintiff alleges Denny and Williams' actions resulted in the filing of a false disciplinary charge and related disciplinary sanctions, this, without more, does not violate plaintiff's constitutional rights under the Due Process Clause. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). The allegations against Denny and Williams fail to state a claim upon which relief may be granted, and the court will dismiss them without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b).

10. **Procedural Due Process**. Plaintiff also claims that he was not afforded his basic due process rights with respect to the disciplinary charges lodged against him. He

alleges that Daniels violated his right to due process during the first disciplinary hearing held on July 16, 2006 when he would not allow plaintiff's witnesses to be present, but allowed his accuser to be present. He further alleges, however, that two subsequent hearings were held on the same issues and his witnesses and accuser were interviewed. Plaintiff also complains that Bamford did not timely respond to his appeal.

11. While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of a criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. Inmates do not have an absolute constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. Id. at 567-68. See also Baxter v. Palmigiano, 425 U.S. 308, 321-22 (1976); Young v. Kann, 926 F.2d 1396, 1404 (3d Cir.1991). Additionally, a right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in Wolff. Garfield v. Davis, 566 F.Supp. 1069, 1074 (E.D. Pa. 1983); Greer v. DeRobertis, 568 F.Supp. 1370 (N.D.

Ill. 1983).

12. Plaintiff's procedural due process allegations are not cognizable as § 1983 claims under the holding of Wolff. He ultimately was afforded a hearing wherein his witnesses and accuser were interviewed. Plaintiff's claims against Sealy and Edwards are frivolous. Sealy was merely a witness for the prison and as alleged, Edwards' alleged false statements were ignored by the hearing officer. Accordingly, the claims against defendants Sabota, Daniels, Edwards, Sealy and Bamford are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

13. **Respondeat Superior.** Named as defendants are former Department of Correction Commissioner Stan Taylor and Warden Raphael Williams. There is no mention of them in the complaint and apparently they are named as defendants based upon their supervisory positions.

14. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

15. Also, as is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services,

436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, No. 04-1786, 128 Fed.Appx. 240 (3d Cir. 2005).

16. Plaintiff does not associate any of his allegations with defendants Taylor or Warden Williams. Hence, it is not clear whether they were personally involved in, or had any supervisory liability for, the alleged constitutional deprivations.
Therefore, they are dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the complaint fails to state a claim against them upon which relief may be granted.

17. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See

Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976). Plaintiff is not required to pay any previously assessed fees or the $350.00 filing fee. The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

                                                                                         UNITED STATES DISTRICT JUDGE